1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RACHEL MENDOZA GARCIA,                    Case No.  1:24-cv-01128-KES-BAM
     Individually, and on Behalf of All
12   Wrongful Death Beneficiaries of ISAAC     ORDER ADOPTING FINDINGS AND
     JOSEPH DURAN, Deceased,                   RECOMMENDATIONS
13
                    Plaintiffs,                Docs. 5, 15
14
          v.
15
     CALIFORNIA DEPARTMENT OF
16   CORRECTIONS AND
     REHABILITATION, et al.,
17
                    Defendants.
18

19          This action arises from the death of Isaac Joseph Duran while he was an inmate at Kern

20   Valley State Prison.  Doc. 1.  Rachel Mendoza Garcia, decedent's mother, initiated this action

21   individually and on behalf of all wrongful death beneficiaries against defendants California

22   Department of Corrections and Rehabilitation, Warden Christian Pfeiffer, former CDCR

23   Secretary Kathleen Allison, and CDCR Secretary Jeff Macomber.  *Id.*  Defendants moved to

24   dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

25   Doc. 5.  The motion was referred to the assigned magistrate judge for the preparation of findings

26   and recommendations and/or other appropriate action.  Doc. 6.

27          On September 2, 2025, the magistrate judge issued findings and recommendations that

28   defendants' motion to dismiss be granted in part and denied in part.  Doc. 15.  Specifically, the

                                                   1

magistrate judge recommended that: (1) defendants' motion to dismiss based on plaintiff's lack of standing to bring claims "on behalf of all wrongful death beneficiaries" be granted with leave to amend to remove any assertion or allegation that plaintiff brings this action "on behalf of all wrongful death beneficiaries of Isaac Joseph Duran," and to clarify her standing as the sole wrongful death beneficiary; (2) defendants' motion to dismiss under Rule 12(b)(7) be denied as moot; (3) defendants' motion to dismiss the first and second causes of action, to the extent they are brought under the Fourteenth Amendment, be granted without leave to amend the Fourteenth Amendment claims for failure to protect or failure to provide medical care; (4) defendants' motion to dismiss the sixth cause of action for violation of the Eighth Amendment be granted with leave to amend; (5) defendants' motion to dismiss the third cause of action for deprivation of the right to familial relationship with decedent under the Fourteenth Amendment be granted with leave to amend; (6) defendants' motion to dismiss the fourth cause of action for supervisory liability be granted with leave to amend; (7) defendants' motion to dismiss the fifth cause of action for negligence-wrongful death be granted with leave to amend; (8) defendants' motion to dismiss the seventh cause of action for violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act against defendants Allison, Macomber, and Pfeiffer in their individual capacities be granted without leave to amend; (9) defendants' motion to dismiss the seventh cause of action for violation of the ADA and Rehabilitation Act otherwise be granted with leave to amend; (10) defendants' motion to dismiss the state law claims based on California Government Code §§ 845.2 and 820.2 be denied; (11) defendants' motion to dismiss plaintiff's § 1983 claims against CDCR be granted without leave to amend; (12) defendants' motion to dismiss the ninth cause of action for violation of California Government Code § 845.6 be granted with leave to amend; and (13) defendants' motion to dismiss defendant Allison from this action be granted without leave to amend. *Id.* The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. *Id.* at 29. Neither plaintiff nor defendants filed objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and

1    recommendations are supported by the record and proper analysis.

2          Accordingly,

3    1.  The findings and recommendations issued on September 2, 2025, Doc. 15, are adopted

4        in full;

5    2.  Defendants' motion to dismiss, Doc. 5, is granted in part and denied in part as follows:

6          a.  Defendants' motion to dismiss based on plaintiff Mendoza Garcia's lack of

7              standing to bring claims "on behalf of all wrongful death beneficiaries" is

8              granted.   Plaintiff Mendoza Garcia is granted leave to amend to remove any

9              assertion or allegation that she brings this action "on behalf of all wrongful

10             death beneficiaries of Isaac Joseph Duran," and to clarify her standing as the

11             sole wrongful death beneficiary;

12         b.  Defendants' motion to dismiss under Rule 12(b)(7) is denied as moot;

13         c.  The first and second causes of action, to the extent they are brought under the

14             Fourteenth Amendment, are dismissed without leave to amend;

15         d.  The sixth cause of action for violation of the Eighth Amendment, third cause

16             of action for deprivation of the right to familial relationship with decedent

17             under the Fourteenth Amendment, fourth cause of action for supervisory

18             liability, fifth cause of action for negligence-wrongful death, seventh cause of

19             action for violation of the ADA and Rehabilitation Act, and ninth cause of

20             action for violation of California Government Code § 845.6 are dismissed with

21             leave to amend;

22         e.  The seventh cause of action for violation of the Americans with Disabilities

23             Act and Rehabilitation Act against defendants Allison, Macomber, and Pfeiffer

24             in their individual capacities is dismissed without leave to amend;

25         f.  Defendants' motion to dismiss the state law claims based on California

26             Government Code §§ 845.2 and 820.2 is denied;

27         g.  Plaintiffs' § 1983 claims against CDCR are dismissed without leave to amend;

28         h.  Defendant Allison is dismissed from this action, without leave to amend; and

3

1      3.  Plaintiff Mendoza Garcia may file an amended complaint within twenty-one (21)

2          days of the date of service of this Order.  If plaintiff fails to file an amended

3          complaint, then the action may be dismissed without prejudice for failure to prosecute

4          and failure to obey the Court's order.

IT IS SO ORDERED.

Dated:   October 25, 2025

UNITED STATES DISTRICT JUDGE

4